**CHRISTIE S. TOTTEN, OSB #085890**
christietotten@dwt.com
**WM. B. HAMILTON, JR., OSB #133778**
brenthamilton@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHASE CAMERON,**<br><br>       **Plaintiff**,<br><br>  v.<br><br>**AMAZON WEB SERVICES, INC.,**<br><br>       **Defendant**. | Case No. 3:21-cv-00733-SI<br><br>**DEFENDANT'S ANSWER AND DEFENSES**<br><br>**JURY TRIAL DEMANDED BY PLAINTIFF** |

For its answer to Plaintiff's Complaint, Defendant Amazon Web Services, Inc. ("Defendant") admits, denies and alleges as follows:

### INTRODUCTION

1. In response to Paragraph 1, Defendant denies all factual allegations in the first sentence and denies any liability with respect to the claims asserted in Plaintiff's Complaint. In response to the second sentence in that Paragraph 1, Defendant admits that Plaintiff seeks the remedies stated in his pleading but denies that Plaintiff is entitled to any such relief or that any claims have merit. Except as expressly admitted, Defendant denies all remaining allegations in

Page 1 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

Paragraph 1.

## JURISDICTION & VENUE

2.      In response to the Paragraph 2, that paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff alleges claims pursuant to federal law, but denies they have any merit, and admits that Plaintiff's pleading alleges an amount in controversy greater than $75,000.

3.      In responses to Paragraph 3, Defendant admits that its principal place of business is located in Seattle, Washington.  The allegation regarding venue is a legal conclusion to which no response is required.  Except as expressly admitted, Defendant denies all remaining factual allegations in Paragraph 3.

## PARTIES

4.      In response to Paragraph 4, Defendant admits that the individual it understands to be describing himself as Plaintiff "Chase Cameron" is a former employee of Defendant but based on information and belief, Defendant denies that Chase Cameron is Plaintiff's legal name, and based on information and belief does not admit in its Answer that an individual has properly filed this action under his legal name.  Defendant affirmatively alleges that it understood Plaintiff to be a resident of Oregon during his employment but otherwise lacks knowledge or information sufficient to form a belief as to the truth about the allegation that Plaintiff is currently a resident of the State of Oregon.  In response to the second sentence in Paragraph 4, that sentence contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the same.

5.      In response to Paragraph 5, Defendant affirmatively alleges that it is an indirectly wholly owned subsidiary of Amazon.com, Inc., and Defendant admits that it is incorporated in Delaware and has its principal place of business in Seattle, Washington.  Defendant denies the allegation that "its member is a citizen of the State of Washington" because Defendant is a corporation, not a limited liability company and, except as expressly admitted, denies all

Page 2 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201
(503) 241-2300 main · (503) 778-5299 fax

remaining allegations in Paragraph 5.

## FACTS

6. In response to Paragraph 6, Defendant admits it hired Plaintiff as a Cloud Infrastructure Architect effective as of July 1, 2019. Except as expressly admitted, Defendant denies all remaining allegations in Paragraph 6.

7. In response to Paragraph 7, the allegations in the first sentence contain legal conclusions regarding major life functions to which no response is required. Defendant denies the remaining allegations in the first sentence of Paragraph 7. In response to the second sentence in Paragraph 7, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in that sentence and therefore denies the same. Defendant denies the allegations in the third sentence of Paragraph 7. The fourth sentence in Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in the fourth sentence. In response to the fifth sentence of Paragraph 7, Defendant denies that Plaintiff requested such accommodation and therefore denies the allegations in that sentence. Except as expressly admitted, Defendant denies all remaining allegations in Paragraph 7.

8. In response to Paragraph 8, Defendant admits that Plaintiff's job required him to travel for business, but denies the allegation that it was "without adequate notice." Defendant admits that Plaintiff traveled from Portland, Oregon, to Charlotte, North Carolina, on or about November 18-19, 2019. Defendant affirmatively alleges that Plaintiff's job responsibilities included managing and communicating about his travel and schedule. Except as expressly admitted, Defendant denies all remaining allegations in Paragraph 8.

9. In response to Paragraph 9, Defendant admits based on information and belief that Plaintiff's overnight flight landed in North Carolina on November 19, 2019, and further admits and affirmatively alleges that at some point subsequent to the flight, Plaintiff communicated, in substance, that he was not feeling well. Defendant further affirmatively alleges that Plaintiff

Page 3 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

received additional time to rest and denies the allegations in the second sentence of Paragraph 9. In response to the third sentence in Paragraph 9, Defendant affirmatively alleges that Plaintiff fell asleep during a subsequent client meeting on a later date. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. In response to Paragraph 11, Defendant admits that Plaintiff's job sometimes involved providing service to Amazon's customers in different time zones, depending on the project and circumstances. The allegation that Plaintiff worked "demanding and irregular hours" is vague and subjective and, on that basis, Defendant denies the same. To the extent further response is required and to the extent Defendant understands the allegation, Defendant affirmatively alleges that Plaintiff was responsible for managing his schedule and work hours involving customer needs and to communicate regarding the same. In response to the second sentence in Paragraph 11, Defendant denies that Plaintiff clocked in and out of work, and is otherwise without sufficient knowledge or information to form a belief about the truth of the remaining allegations in that sentence and, therefore, denies the same. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. In response to Paragraph 14, Defendant admits and affirmatively alleges that Plaintiff was entered into Pivot based on his performance, but denies Plaintiff's allegations regarding accommodation requests, denies Plaintiff's characterization of Pivot, and denies any remaining allegations in the first sentence of Paragraph 14. Defendant denies the allegations in the second and third sentences of Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. In response to Paragraph 16, Defendant admits and affirmatively alleges that Plaintiff's employment ended effective on or about November 27, 2020. Except as expressly

Page 4 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

admitted, Defendant denies all of the remaining allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     In response to Paragraph 19, Defendant lacks information or knowledge sufficient to form the truth of the allegation regarding the date Plaintiff sent any correspondence, but further denies knowledge of receiving the alleged demand and on that basis denies the same. Defendant admits that a final payment was made on or about November 30, 2020, but denies the allegation that payment was partial or that any wages remain due and owing.  Except as expressly admitted herein, Defendant denies all remaining allegations of Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20.

## CLAIMS

## FIRST CLAIM FOR RELIEF

### Physical or Mental Impairment Discrimination

### ORS 659A.112(1) and (2)(e), 42 U.S.C. § 12112

21.     In response to Paragraph 21, Defendant incorporates its allegations, admissions, and denials in response to Paragraphs 1 through 20, above, as though fully set forth herein.

22.     Paragraph 22 contains legal conclusions that do not require any response in this pleading.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant denies the allegations in Paragraph 27.

Page 5 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201
(503) 241-2300 main · (503) 778-5299 fax

## SECOND CLAIM FOR RELIEF

### Failure to Accommodate a Physical or Mental Impairment

### ORS 659A.112(1) and (2)(e), 42 U.S.C. § 12112

28. In response to Paragraph 28, Defendant incorporates its allegations, admissions, and denials in response to Paragraphs 1 through 20, above, as though fully set forth herein.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

## THIRD CLAIM FOR RELIEF

### Whistleblower Discrimination/Retaliation

### ORS 659A.199

35. In response to Paragraph 35, Defendant incorporates its allegations, admissions, and denials in response to Paragraphs 1 through 20, above, as though fully set forth herein.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

## FOURTH CLAIM FOR RELIEF

### Wage and Hour Violation – Failure to Timely Pay Wages Upon Termination

### ORS 652.140

41. In response to Paragraph 41, Defendant incorporates its allegations, admissions, and denials in response to Paragraphs 1 through 20, above, as though fully set forth herein.

Page 6 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

42.  Defendant denies the allegations in Paragraph 42.

43.  Defendant denies the allegations in Paragraph 43.

44.  In response to Paragraph 44, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation regarding the date Plaintiff sent any correspondence, but further denies knowledge of receiving the alleged demand and on that basis denies the same.

45.  Defendant denies the allegations in Paragraph 45.

46.  Defendant denies the allegations in Paragraph 46.

47.  Defendant denies the allegations in Paragraph 47.

## DENIAL OF REMAINING ALLEGATIONS

48.  The remainder of Plaintiff's Complaint contains a request for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief sought.

49.  Except as expressly admitted herein, Defendant denies each and every allegation of Plaintiff's Complaint.

## ATTORNEY FEES AND COSTS

50.  Defendant seeks its attorney fees and costs pursuant to ORS 659A.885 and to the extent Plaintiff is unreasonable in pursuit of his claims, pursues meritless, unfounded or otherwise unreasonable claims including those lacking an objectively reasonable basis, and to the full extent provided by law including under ORS 659A.885, ORS 20.075, ORS 20.107, 42 USC § 1988, 42 USC § 12205 the Federal Rules of Procedure, and any other applicable law.

## DEFENSES

51.  By alleging the separate and additional defenses set forth below, Defendant is in no way conceding or agreeing that it has the burden of proof or burden of persuasion beyond that provided by law.  Defendant expressly reserves the right to amend with different or additional defenses or affirmative defenses, including as it learns new facts or if Plaintiff asserts new

Page 7 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

allegations. By further answer by way of additional or affirmative defenses, Defendant alleges:

## FIRST DEFENSE

### (Real Party in Interest and Standing)

52. Plaintiff's claims are barred to the extent that Plaintiff filed this lawsuit using a name other than his legal name because he is not the real party in interest, and Fed. R. Civ. Pro. 17 requires that an action must be prosecuted in the name of the real party in interest. Defendant understands that Plaintiff's legal name is Cameron Lee Vogt. Plaintiff lacks standing and is not the real party in interest to the extent that this lawsuit is filed under a name other than Plaintiff's legal name.

## SECOND DEFENSE

### (Lack of Capacity to Sue)

53. Plaintiff lacks capacity to sue to the extent that Plaintiff filed this lawsuit using a name other than his legal name.

## THIRD DEFENSE

### (Failure to State a Claim)

54. With respect to some or all of Plaintiff's claims, the Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

### (Legitimate Nondiscriminatory Reason)

55. All decisions regarding Plaintiff's employment were made in good faith, without malice, for lawful nondiscriminatory business reasons unrelated to any alleged protected status or activity by Plaintiff, and in compliance with all applicable laws.

## FIFTH DEFENSE

### (Failure to Mitigate)

56. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff's recovery of damages, if any, must be reduced to

Page 8 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

the extent he has failed to mitigate claimed damages.

## SIXTH DEFENSE

### (Payment)

57. Defendant timely paid all final pay that was due and owing. Defendant does not admit it received a demand for wages as alleged. Defendant did not fail to pay all wages within 12 days of receipt of any demand for wages, if any.

## SEVENTH DEFENSE

### (Employment at Will)

58. At all times during Plaintiff's employment with Defendant, he was an employee at will, and could be discharged with or without notice and with or without cause.

## EIGHTH DEFENSE

### (Estoppel)

59. Plaintiff, by his own acts and omissions, is estopped in whole or in part, including because Plaintiff did not properly notify his employer of any accommodation needs and because his employer relied on Plaintiff's representations; and because Plaintiff failed to communicate and complete job duties despite knowing expectations, upon which Defendant relied.

## NINTH DEFENSE

### (No Causation)

60. Plaintiff's alleged disability and/or protected activity was not the but-for cause of any employment decisions pertaining to him. Defendant would have taken the same actions, if any, in the absence of any alleged impermissible factor.

## TENTH DEFENSE

### (Undue Hardship)

61. Plaintiff's Second Claim for Relief fails to the extent that any accommodation not provided would have posed an undue hardship.

Page 9 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

## ELEVENTH DEFENSE

## (Not a Qualified Individual)

62. Plaintiff's First and Second claims for relief fail because Plaintiff is not a qualified individual with a disability, and Plaintiff was not able to perform essential job functions with or without accommodation.

## TWELFTH DEFENSE

## (Failure to Participate in the Interactive Process/Reasonable Accommodation)

63. Plaintiff failed to participate in good faith in the interactive process regarding accommodation; to the extent there was any failure to accommodate, which Defendant does not concede, it was due to his own actions or inactions. Defendant did not fail to participate in the interactive process.

## THIRTEENTH DEFENSE

## (Waiver)

64. By reason of the acts and omissions of Plaintiff, Plaintiff waived any entitlement to any recovery, for any breach of contract or any duty, or for any other cause, including with respect to the Fourth Claim for Relief.

## FOURTEENTH DEFENSE

## (Failure to Exhaust Administrative Remedies)

65. Plaintiff has failed to timely and properly exhaust all administrative remedies necessary for his First and Second Claims for Relief pursuant to 42 U.S.C. § 12112, which claims must fail.

## FIFTEENTH DEFENSE

## (Statute of Limitations)

66. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including to the extent they rely on allegations prior to the applicable time period pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(e).

Page 10 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
(503) 241-2300 main · (503) 778-5299 fax

## SIXTEENTH DEFENSE

### (Failure of Condition Precedent)

67. Plaintiff's Fourth Claim for Relief fails to the extent it is based on an allegation that severance in the amount of $11,923.08 was earned and unpaid. Severance was not earned because Plaintiff did not perform the condition precedent of signing a severance and release agreement, as required for an (estimated) severance payment, and which condition precedent was stated on the Pivot Entry Form.

## SEVENTEENTH DEFENSE

### (Reservation of Rights)

68. Defendant reserves its right to amend and supplement as provided by the Federal Rules of Civil Procedure, Local Rules, and any scheduling or other order of this Court, including but not limited to its right to move the Court to amend its answer in order to assert additional defenses as may become known to Defendant during the course of discovery or thereafter.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, and having asserted affirmative defenses, Defendant prays for judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice;

2. For Defendant's costs and disbursements and prevailing party fees, as provided by law, and for any attorneys' fees allowed by law; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 11 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201
(503) 241-2300 main · (503) 778-5299 fax

3.     For such other and further relief as the Court deems just and equitable.

DATED this 27th day of July, 2021.

                DAVIS WRIGHT TREMAINE LLP

                By  s/Wm. Brent Hamilton, Jr.
                    Christie S. Totten, OSB #085890
                    Wm. B. Hamilton, Jr., OSB #133778
                    1300 SW Fifth Avenue, Suite 2400
                    Portland, OR 97201
                    Email: christietotten@dwt.com
                    Email: brenthamilton@dwt.com
                    Telephone:  (503) 241-2300
                    Facsimile:  (503) 778-5299

                Attorneys for Defendant

Page 12 – DEFENDANT'S ANSWER AND DEFENSES

4850-6647-0643v.1 0051461-003848

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201
(503) 241-2300 main · (503) 778-5299 fax